UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LYNETTE MAREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.   ) | CAUSE NO. 3:05-CV-755 RM |
| ) | |
| DALE I. KEIL and ) | |
| JENSEN TRANSPORT, INC., ) | |
| Defendants ) | |

MEMORANDUM AND ORDER

On November 22, 2005, defendants filed their notice of removal pursuant to 28 U.S.C. § 1446(a), asserting complete diversity between Lynette Marek, a citizen of Indiana , and Jensen Transport, Inc., a corporation alleged to have been incorporated under the laws of Indiana.  On December 1, the court remanded the case to state court for lack of subject-matter jurisdiction. The defendants claim their original notice of removal contained a typographical error regarding Jensen Transport's  incorporation and now move the court to reconsider its remand order pursuant to FED. R. CIV. P. 60(a) and (b), allow leave to amend their original removal petition pursuant to 28 U.S.C. § 1653, or in the alternative, defendants request that they be allowed to remove the case anew.[1] Plaintiff Lynette Marek hasn't objected. For the reasons that follow, the court denies the defendants's motion.

---

[1] The defendants' initial notice of removal stated "[d]efendant, Jensen Transport, Inc., is incorporated under the laws of the State of Indiana, with its principal place of business in the State of Iowa."  Defendant now says that Jensen Transport, Inc. is incorporated under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

With certain exceptions not relevant here, a district court's order remanding a case to the state court from which it was removed, based upon 28 U.S.C. § 1447(c) "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). The term "otherwise" has been interpreted to preclude not only appellate review but also reconsideration by the district court. Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 456-457 (7th Cir. 2005); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 311-312 (2nd Cir. 2005); Vogel v. U.S. Office Products Co., 258 F.3d 509, 518-19 (6th Cir. 2001); In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 222-23 (3rd Cir. 1995); Seedman v. U.S. Dist. Court for Cent. Dist. of California, 837 F.2d 413, 414 (9th Cir. 1988); New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir.1986). Remand of this case was based on lack of subject-matter jurisdiction, so the remand falls within the statutory reasons for remand set forth in section 1447(c), and § 1447(d) bars the court's review of its remand order on motion to reconsider. Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115-116 (3rd Cir.1979); In re La Providencia Development Corp., 406 F.2d 251, 252-253 (1st Cir.1969) ("nothing could be more inclusive than the phrase 'on appeal or otherwise' . . . [t]he district court has one shot, right or wrong"); Consolidated Doors, Inc. v. Mid-America Door Co., 120 F. Supp.2d 759, 765 (E.D. Wis. 2000); Creekmore v. Food Lion, Inc., 797 F. Supp.

2

505, 509-511 (E.D. Va.1992).[2] The court denies defendants's motion to reconsider.

The defendants also request leave to file an amended notice of removal to cure faulty allegations in its original notice. Because § 1447(d) precludes review by the district court, *see* Apple Vacations West, Inc., 406 F.3d at 456, a party cannot circumvent the plain language of § 1447(d) through an amendment to the notice of removal after remand based on lack of subject-matter jurisdiction. The court denies defendants's motion for leave to amend its initial notice of removal.

Defendants may seek a second removal after remand to state court if intervening events justify revisiting the issue. Benson v. SI Handling Systems, Inc, 188 F.3d 780, 783 (7th Cir.1999) ("a district judge's remand order lacks preclusive effect when § 1447(d) blocks . . . review"); Apple Vacations West, Inc., 406 F.3d at 457 (distinguishing a district court's inability to reconsider an order remanding a case from its ability to consider a successive notice of removal). Successive

---

[2] The circuits disagree about a district court's jurisdiction to reconsider remand orders before the clerk mails a certified copy of the order to the clerk of the state court. The Third, Fifth, and Ninth Circuits hold that a federal district court doesn't lose jurisdiction over a remanded action until the clerk of the court physically mails a certified copy of the remand order to the state court. *See* Trans Penn Wax v. McCandless, 50 F.3d at 222-223; Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir 1984); Seedman v. U.S. District Court, 837 F.2d at 414. The Fourth, Sixth and Eleventh Circuits hold that once its decision to remand is formalized in an order, the plain language of 1447(d) strips the court of jurisdiction to reconsider its decision to remand. Vogel v. U.S. Office Prods., 258 F.3d at 518-19; In re Lowe,102 F.3d at 734; Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 329 (11th Cir.1992). In this case, the remand order has been entered, but the clerk hasn't mailed the certified copy of the remand order as contemplated by 1447(c). This circuit hasn't addressed whether a district court has jurisdiction in such a scenario, but the court needn't try to answer this question given that the plain language of 1447(d) precludes the court from exercising its jurisdiction, if any, to review the remand order. Nothing in the language of 28 U.S.C. § 1447(d) requires that a copy of the remand order be sent to the state court as provided for in § 1447(c) before the court is barred from reviewing a remand order for lack of subject matter jurisdiction. *See e.g.* Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 67 F. Supp.2d 1242, 1245 (D. Kan. 1999).

removal is appropriate when subsequent events reveal grounds for removal. *See* Benson v. SI Handling, 188 F.3d at 783 (plaintiff conceded that it sought more than the jurisdictional amount after remand); Lassila v. Werner Co., 78 F. Supp.2d 696, 698-699 (W.D. Mich.1999) (non-diverse defendant dismissed in state court); Hernandez v. State Elections Bd., 30 F. Supp.2d 212, 215 (D. Puerto Rico1998) (complaint amended to add federal claims).

The defendants's second petition for removal doesn't state new grounds for removal. It alleges only that the first petition contained an error. A party's discovery that it has mis-stated its own citizenship is not the sort of intervening event that allows a second petition for removal.

For the reasons set forth above, the court DENIES defendants's motion for reconsideration [Doc. No. 8] in all respects.

SO ORDERED.

Entered January 17, 2006

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:
Magistrate Judge Nuechterlein
counsel of record